IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **HKS, INC. DBA HKS ARCHITECTS INC.**, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. **3:07-CV-0577-L** |
| **DIAMOND JAXX PROPERTIES, LLC**.; **MIRABILIS VENTURES, INC.**; **GEORGE STUART, as individual**; **FRANK AMODEO, as individual**; **LARRY HABER, as individual; and DAVID CARDWELL, as individual**, | § § § § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff HKS, Inc. dba HKS Architects, Inc.'s Motion to Remand, filed April 27, 2007. After reviewing the motion, response, record, and applicable law, the court **denies** Plaintiff's Motion to Remand**.**

**I.     Background**

Plaintiff HKS, Inc. dba HKS Architects, Inc. ("Plaintiff" or "HKS") filed this action in the 134th Judicial District Court, Dallas County, Texas on February 27, 2007 against Defendants Diamond Jaxx Properties, LLC ("Diamond Jaxx"), Mirabilis Ventures, Inc. ("Mirabilis"), George Stuart ("Stuart"), Frank Amodeo ("Amodeo"), Larry Haber ("Haber"), and David Cardwell ("Cardwell"). HKS sued Defendants for open account, breach of contract, quantum meruit, misrepresentation, and civil conspiracy.

**Memorandum Opinion and Order - Page 1**

Diamond Jaxx, Mirabilis, and Amodeo (collectively, the "Removing Defendants") removed this action to federal court on April 2, 2007, on the basis of diversity of citizenship and that the amount in controversy exceeds $75,000. HKS moved to remand on April 27, 2007. HKS contends that removal of this action was improper pursuant to 28 U.S.C. § 1447(c) because not all the defendants joined in and consented to the removal. Removing Defendants contend that the other defendants, Stuart, Haber, and Cardwell (collectively, the "Non-Removing Defendants"), were not properly served under section 17.045(a) of the Texas Civil Practice and Remedies Code and as a result it was unnecessary to obtain their consent. In the alternative, Removing Defendants argue that even if the Non-Removing Defendants were properly served, they are nominal defendants and need not join in the notice of removal.

The state court petition did not identify an agent for service of process for any of the individually named Defendants. *See* Br. in Supp. of Pl.'s Mot. to Remand ("Pl.'s Br."), 2-4; Defs.' Notice of Removal ("Defs.' Notice"), Ex. 3d.[1] The petition states that each defendant does not have a designated agent for service of process in the state of Texas and, pursuant to section 17.044(b) of the Texas Civil Practice and Remedies Code, service could be obtained through the Texas Secretary of State with notice to the nonresidents pursuant to section 17.045(a). Defs.' Notice 3. In three separate letters of certification, the Secretary of State, Roger Williams, verified that on March 12, 2007, his office received copies of the petition and citations for the Non-Removing Defendants. Pl.'s Br., Ex. A-C. A copy was forwarded to each Non-Removing Defendant on March 16, 2007 by certified mail, return receipt requested. *Id.* The address for each Non-Removing Defendant was

---

[1] In the Index of Documents filed with their Notice of Removal, Removing Defendants list every Defendant's executed citation for service as "Exhibits 3a-f," but attach only Amodeo's citation ("3d") and the letter accompanying it. The Notice states that the attachments are "limited to those citations which the [Removing Defendants] ha[ve] a copy."

**Memorandum Opinion and Order - Page 2**

listed as "111 North Orange Avenue Suite 2000 Orlando, Florida 32801," which is Mirabilis's office address. *Id.*; Pl.'s Pet. 3-4. Return receipt was received on March 20, 2007 and the Secretary of State certified service stating that the return receipts bore the "signature of addressee's agent." Pl.'s Br., Ex. A-C. There is no evidence before the court to show who signed the return receipts. According to the affidavit of Jay Stollenwerk, on behalf of Mirabilis, the Non-Removing Defendants were not employed by Diamond Jaxx or Mirabilis and did not maintain offices there at the time the petition was filed or anytime thereafter. Aff. of Jay Stollenwerk ("Stollenwerk Aff."), at 1-2.

## II.  Applicable Law

The burden of establishing jurisdiction rests with the party seeking to invoke it. *St. Paul Reinsurance Co., Ltd. v. Greenburg,* 134 F.3d 1250, 1253 (5th Cir. 1998). This burden not only extends to the jurisdictional basis for removal but also to necessary compliance with the requirements of the removal statute. *State of Texas v. Gulf Water Benefaction Co.,* 679 F.2d 85, 86 (5th Cir. 1982) (citing *Albonetti v. GAF Corp.-Chem. Group,* 520 F. Supp. 825, 827 (S.D. Tex. 1981)). All served defendants must join in or consent to the removal of a case to federal court. *Doe v. Kerwood*, 969 F.2d 165, 167 (5th Cir. 1992). The failure of all defendants to join in or consent to removal is a procedural defect that can be waived. *Pavone v. Mississippi Riverboat Amusement Corp.,* 52 F.3d 560, 566 (5th Cir. 1995) An exception, however, to this general rule is that a defendant's consent is unnecessary when he has not been properly served. *Jones v. Houston Indep. School Dist.*, 979 F.2d 1004, 1007 (5th Cir. 1992) (holding that failure of one defendant to join in removal petition does not bar district court's removal jurisdiction where that defendant was not served until after case had been removed).

Although federal law requires the defendant to file a notice of removal within thirty days of service, the term "service of process" is defined by state law. *City of Clarksdale v. BellSouth Telecommunications, Inc.*, 428 F.3d 206, 210 (5th Cir. 2005). Section 17.045 of the Texas Civil Practice and Remedies Code states in part: "If the secretary of state is served with duplicate copies of process for a nonresident, he shall require a statement of the name and address of the nonresident's home or home office and shall immediately mail a copy of the process to the nonresident." Tex. Civ. Prac. & Rem. Code § 17.045(a) (Vernon 2001). Texas courts have consistently held that this statute must be followed with strict compliance. *See Verges v. Lomas & Nettleton Financial Corp.*, 642 S.W.2d 820, 821 (Tex. App.-Dallas 1982, no writ). Inherent within this standard of strict compliance is the requirement that the statute be strictly construed. *Id*. at 822. The statute provides no definition of "home" or "home office." Tex. Civ. Prac. & Rem. Code § 17.044 *et seq*. (Vernon 1997). When substituted service under the statute is used, a plaintiff must comply with these requirements: (1) the pleadings must allege facts which, if true, would make the defendant amenable to process by the use of the long-arm statute; and, (2) there must be proof in the record that the defendant was, in fact, served in the manner required by the statute. *Whitney v. L & L Realty Corp.*, 500 S.W.2d 94, 95-96 (Tex. 1973).

## III.   Analysis

Texas courts strictly enforce compliance with service-of-process statutes. *Id.* at 97. Section 17.044(b) states:

> The secretary of state is an agent for service of process on a nonresident who engages in business in this state, but does not maintain a regular place of business in this state or a designated agent for service of process, in any proceeding that arises out of the business done in this state and to which the nonresident is a party.

To comply with the substituted service statute, HKS was required to plead that the Non-Removing Defendants: (1) engaged in business in Texas; (2) did not maintain a regular place of business or designated agent for service of process in Texas; and (3) were a party to the current action that arose out of their business dealings in Texas. *South Mill Mushrooms Sales v. Weenick*, 851 S.W.2d 346, 350 (Tex. App.-Dallas 1993, writ denied). HKS pleaded, for each Non-Removing Defendant, that he engaged in business in Texas but did not maintain a regular place of business or have a designated agent for service of process in Texas. Pl.'s Pet. 3-4. HKS also pleaded that the Non-Removing Defendants entered into an agreement with HKS and that the disputed contract "occurred in whole or in part within the State of Texas." *Id.* at 5. The court holds that HKS has pleaded facts sufficient to show that the Non-Removing Defendants are amenable to process by use of the long-arm statute.

HKS has not, however, demonstrated that the Non-Removing Defendants were properly served. The substituted service statute requires process to be forwarded to the defendant's "home" or "home office." Tex. Civ. Prac. & Rem. Code § 17.045(a) (Vernon 2001). HKS pleaded that service could be obtained through the Secretary of State "with notice to the non-residents under § 17.045(a) . . . to be sent to [Non-Removing Defendant] at 111 North Orange Avenue, Suite 2000, Orlando, Florida 32801." Pl.'s Pet. 3-4. The petition does not state that the designated address HKS provided to the Secretary of State is the "home" or "home office" of any of the Non-Removing Defendants. Nothing in the petition indicates that the Non-Removing Defendants had any office at this address. A representative for Mirabilis stated in his affidavit that the Non-Removing Defendants did not work for Diamond Jaxx or Mirabilis at the time suit was filed. Stollenwerk Aff. 2. Here, the petition on its face shows failure to comply with the service statute. *World*

**Memorandum Opinion and Order - Page 5**

*Distributors, Inc. v. Knox*, 968 S.W.2d 474, 478 (Tex. App.-El Paso 1998, no writ h.) (finding service defective under section 17.045 where nothing in the record affirmatively established that the address provided to the Secretary was the home office of the defendants).

In the context of an appeal of default judgment, the Texas Supreme Court has recently held that while the Secretary of State's certificate of service establishes that process was served and forwarded to the address provided, unless it certifies that the forwarding address is the one required by statute, courts cannot presume otherwise. *Wachovia Bank of Delaware, N.A. v. Gilliam*, 215 S.W.3d 848, 850 (Tex. 2007) (holding default judgment could not be affirmed under the long-arm statute because nothing in the petition, citation, or return alleged that the designated address was a home or home office). Therefore, the court concludes that the certificates validate that process was forwarded, but they cannot cure Plaintiff's procedural defect of failing to provide the Secretary of State with the home or home office address of the defendants to be served. The Non-Removing Defendants have not been properly served and therefore their consent to removal was not required. *Jones*, 979 F.2d at 1007. Accordingly, the court finds that Defendant's Notice of Removal was properly filed.

**IV.    Conclusion**

For the reasons stated herein, this action was properly removed to federal court. Accordingly, the court **denies** Plaintiff's Motion to Remand.

**It is so ordered** this 10th day of July, 2007.

Sam A. Lindsay
United States District Judge